IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-901-BO

| | |
|---|---|
| CYBER IMAGING SYSTEMS, INC., )<br>  Plaintiff, )<br>v. )<br>)<br>EYELATION, INC., )<br>  Defendant. ) | **O R D E R** |

This matter is before the Court on defendant Eyelation Inc.'s motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [DE 12]. Plaintiff has responded and defendant has replied. Accordingly, the motion is ripe for ruling. For the reasons stated herein, defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This action stems from an agreement between the parties relating to the development of virtual software for the selection, fitting, and sale of prescription safety eyeglasses. In 2012, a dispute arose between Eyelation and Cyber Imaging regarding their respective rights and obligations under the agreement. As required by the agreement, the dispute was submitted to binding arbitration. An arbitration hearing was conducted over six days in June and July 2013. The arbitrator found that Cyber Imaging partially breached the Agreement, Eyelation was justified in taking measures to mitigate its damages, and that Cyber Imaging did not have an ownership interest in the software that Eyelation developed in mitigation. The arbitrator also held that Cyber Imaging was entitled to certain royalty payments stemming from the software that it played a role in developing. Eyelation was instructed to transmit each payment "within thirty days after the end of the month in which the revenues from such sales or licenses are received." [DE 1-2 at 56]. Cyber Imaging filed suit in Wake County Superior Court alleging that it is not

receiving payments within 30 days of the underlying sales and suing for specific performance of the arbitration award, breach of contract, and fraud. Eyelation removed the case to federal court on the basis of diversity of citizenship and filed the instant motion to dismiss.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

1. Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). If a party does not have standing to bring or pursue a claim, the court has no subject matter jurisdiction to hear it, and the claim must be dismissed. *Lujan*, 504 U.S. at 560. To demonstrate standing, Cyber Imaging must establish that it has suffered an injury in fact that is concrete and particularized,

2

that the injury is fairly traceable to the challenged action of the defendant, and that the injury is likely to be redressed by a favorable decision from the Court. *Chambers Med. Techs. of S.C., Inc. v. Bryant*, 52 F.3d 1252, 1265 (4th Cir. 1995). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F .Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Eyelation argues that Cyber Imaging cannot establish that Cyber Imaging Systems, Inc. has suffered any injury because Cyber Imaging, Inc. was the named party to the contract and arbitration. The misnaming of a party "in a judicial proceeding is immaterial if it appears that the corporation could not have been or was not misled." *Morrel v. Nationwide Mutual Fire Ins.Co*, 188 F.3d 218, 224 (4th Cir. 1999). While *Morrel* dealt with service of process, the theory applied by the court is instructive. Here, it is quite clear that Eyelation has not been misled. Although the arbitration was conducted under the name of Cyber Imaging, Inc., it is clear from the pleadings that Cyber Imaging, Inc. is the same party as is bringing suit in this case.

Eyelation's reliance on *American Oil Company v. AAN Real Estate, LLC*, 754 S.E.2d 844 (N.C. Ct. App. 2014), is inapposite. In *American Oil*, the court relied in part on the plaintiff's failure to file a certificate of assumed name as required under state law. *Id.* at 846. Here, Cyber Imaging recently filed a Corporate Certificate of Assumed Name with the North Carolina Secretary of State that demonstrates that Cyber Imaging Systems, Inc., does business as Cyber-Imaging, Inc. [DE 14–2]. Given Cyber Imaging's recent filing, the Court is satisfied that Cyber Imaging Systems, Inc. and Cyber Imaging, Inc. are the same party and that Cyber Imaging has standing to enforce the arbitration award. Accordingly, Eyelation's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is denied. For clarity, Cyber Imaging is

3

directed to file a motion to change the caption of the case to reflect its recent filing with the North Carolina Secretary of State demonstrating that it does business as Cyber Imaging, Inc.

2. <u>Enforcement of the Arbitration Award</u>

The Federal Arbitration Act (FAA), which applies to arbitration agreements in the context of interstate commerce, specifies that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration . . . then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award[.] 9 U.S.C. § 9 (2014). The Fourth Circuit has held that Section 9 is permissive and "does not bar the confirmation of an award beyond a one-year period." *Sverdrup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148, 156 (4th Cir 1993). The court explained that because common law remedies exist outside of the FAA to enforce an award, "reading § 9 as a strict statute of limitations would be an exercise in futility" and "would inevitably lead to inefficiency, delay, and court congestion" by encouraging common law actions to enforce the awards. *Id.* at 155. Courts within the Fourth Circuit have followed this rule even in light of the Supreme Court decision in *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, 529 U.S. 193 (2000), which instructed that the use of the word "may [in a statute] is not necessarily conclusive of congressional intent to provide for a permissive or discretionary authority." *Id.* at 198; *See, e.g., 1199 SEIU United Healthcare Workers East v. Civista Med. Ctr. Inc.*, No. DKC 10–0479, 2011 WL 310486, at *4 (D.Md. Jan 28, 2011); *United Gov't Sec. Officers of Am. v. Special Operations Grp. Inc.*, 436 F.Supp.2d 790, 794–95 (E.D.Va. 2006); *Watkins v. Duke Medical Center*, No. 1:13–CV–1007, 2014 WL 4442936 (M.D.N.C. Sept. 9, 2014).

Here, the arbitration award was made on October 3, 2013, and plaintiff did not institute this action or otherwise certify the underlying award until December 2, 2014. While this is outside the one year period provided by the FAA, this Court is bound by the *Sverdrup* decision, which has not yet been reconsidered by the Fourth Circuit in light of the Supreme Court opinion in *Cortez* and must deny Eyelation's motion to dismiss on this ground.

3. Breach of Contract Claim

Cyber Imaging claims that "Eyelation continues to breach the [2009] agreement by failing to make full and adequate payment of royalties under the contract, by failing to provide adequate evidence of the payments being made, by failing to make payments on time, by failing to abide by the arbitration award, and by failing to act in good faith." [DE 1–2 at 17–18]. The arbitration agreement provides that any claim arising thereunder is subject to the agreement's choice of law provision, which establishes that Illinois law shall apply. To maintain a cause of action for breach of contract under Illinois law, plaintiff must allege "the existence of a valid and enforceable contract, performance by the plaintiff, breach of the contract by the defendant, and resultant damages or injury to the plaintiff." *Razor Capital v. Antaal*, 972 N.E.2d 1238, 1246 (Ill. 2012). It is undisputed that the agreement was terminated prior to the conclusion of the arbitration proceedings, and the arbitrator so found in his decision. Accordingly, there is no valid and enforceable contract, and Eyelation has no continuing obligations thereunder. Eyelation's motion to dismiss the breach of contract claim, therefore, is granted.

4. Fraud Claim

In its response to the motion to dismiss, Cyber Imaging states that it agrees to dismiss its fraud claim against Eyelation. [DE 14 at 7]. Accordingly, the Court grants Eyelation's motion to dismiss as to Cyber Imaging's third claim for relief, which alleges fraud against Eyelation.

5

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 12] is GRANTED as to the breach of contract and fraud claims (Counts Two and Three of the complaint) and DENIED as to the remaining claims. Cyber Imaging is DIRECTED to file a motion to change the caption of the case so it reflects its most recent filing with the North Carolina Secretary of State explaining that it does business as Cyber Imaging, Inc.

SO ORDERED, this _6_ day of May, 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE