IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-901-BO

CYBER IMAGING SYSTEMS, INC.,  )
    Plaintiff,  )
  )
v.  )    **O R D E R**
  )
EYELATION, INC.,  )
    Defendant.  )

This matter is before the Court upon plaintiff's motion to show cause [DE 59], defendant's cross-motion to compel arbitration and stay these proceedings [DE 63], and plaintiff's motion to enjoin arbitration [DE 69]. The motions are fully briefed and ripe for adjudication. Having reviewed the motions, it is the opinion of the Court that a valid arbitration agreement exists between the parties, that the issues in this case are subject to that agreement and arbitrable, and that a stay of this litigation is thus warranted under 9 U.S.C. § 3.

BACKGROUND

In 2009, plaintiff and defendant entered into an agreement for the development of virtual try-on software for prescription safety glasses worn by factory workers. In exchange for plaintiff developing the software, defendant agreed to pay a $10 royalty for every pair of safety glasses it sold. In 2012, a dispute arose between the parties regarding their respective rights and obligations under the agreement. As required by the agreement, the dispute was submitted to binding arbitration. In 2013, the arbitrator found that plaintiff was entitled to certain royalty payments and entered an award in plaintiff's favor. This Court entered judgment confirming and enforcing this arbitration award, which required defendant to pay monthly royalties to plaintiff. This Court also awarded attorney's fees to plaintiff.

In October, 2016, plaintiff filed the present motion to show cause, claiming non-payment

of royalties owed to it under the arbitration award. [DE 59]. Defendant responded, claiming that

it no longer sells safety glasses and therefore no longer owes royalties to plaintiff. [DE 63].

Defendant asserted that whether it owes royalties to plaintiff under its new business model is a

factual dispute subject to arbitration. *Id.* Additionally, defendant stated that it had filed a Demand

for Arbitration before the American Arbitration Association to resolve this dispute. *Id.*

On February 1, 2017, defendant filed a motion to supplement the record, giving notice to

the Court that the American Arbitration Association ruled that it has jurisdiction and would be

proceeding to arbitrate the dispute pursuant to the arbitration clause in the original contract

between the parties. [DE 68]. Specifically, the arbitrator ruled that it has jurisdiction to decide (1)

whether defendant is no longer required to pay royalties on the theory that under its "new

business model" it no longer makes "sales" of safety glasses, and (2) whether defendant overpaid

royalties to plaintiff and is entitled to reimbursement, as well as any related issues that arise in

the arbitration. [DE 68-1]. On February 3, 2017, plaintiff filed a motion to enjoin the pending

arbitration. [DE 69].

## DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, governs the resolution of

private disputes through arbitration. Section 2 of the FAA provides that a "written provision in

any . . . contract evidencing a transaction involving commerce to settle by arbitration a

controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable

. . . ." 9 U.S.C. § 2.

Whether the parties have agreed to arbitrate their disputes is a jurisdictional question. *See*

*Board of Ry. & S.S. Clerks v. Norfolk S. Ry. Co.*, 143 F.2d 1015, 1017 (4th Cir. 1944)

("Arbitration deprives the judiciary of jurisdiction over the particular controversy and the courts have long ruled that there must be strict adherence to the essential terms of the agreement to arbitrate."). The Supreme Court has long made clear that a "question of arbitrability" is to be decided by the court unless the parties clearly and unmistakably provide otherwise. *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986).

"[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983). Accordingly, disagreements related to the scope of arbitration are resolved in favor of arbitration. *AT&T*, 475 U.S. at 650; *Moses H. Cone*, 460 U.S. at 24–25 (1983) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.").

Broad, general, and vague agreements will not meet the clear and unmistakable standard imposed on agreements to commit the determination of arbitrability issues to the arbitrator. *See AT&T*, 475 U.S. at 645 (holding that the clause committing all "differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder" did not permit the arbitrator to determine arbitrability issues). However, most courts to address this issue have held that incorporation by reference of an arbitration body's rules for arbitration that include a rule that the arbitrator will determine arbitrability issues is considered a clear and unmistakable intent by the parties to commit determinations of the arbitrator's jurisdiction to the arbitrator. *See, e.g.*, *Fallo v. High-Tech Institute*, 559 F.3d 874, 878 (8th Cir. 2009); *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1373 (Fed. Cir. 2006); *Contec Corp. v. Remote Solution,*

3

*Co.*, 398 F.3d 205,211 (2d Cir. 2005); *Terminix Int'l Co. v. Palmer Ranch LP*, 432 F.3d 1327,

1332 (11th Cir. 2005).

The original agreement between the parties for the development of the eyeglass software

contained a mandatory arbitration clause, which read:

> 17.1 With the exception of an action seeking injunctive relief for breach of Section 11 hereof, any dispute, controversy, or claim arising out of or relating to this Agreement, the subject matter hereof, or the breach hereof shall be settled by binding arbitration in Chicago, Illinois, in accordance with the Commercial Arbitration Rules then prevailing of the American Arbitration Association. Judgment upon any award made in such arbitration may be entered and enforced in any court of competent jurisdiction.

[DE 34-1]. This clause incorporates the rules of the American Arbitration Association into the

agreement. Rule 7(a) of the American Arbitration Association Commercial Arbitration Rules

grants to the arbitrator "the power to rule on his or her jurisdiction."[1] Because this rule was

agreed to by the parties and incorporated into the arbitration agreement, the agreement expresses

a "clear and unmistakable" intent to allow the arbitrator to decide the question of arbitrability.

The Court thus adopts the determination of the arbitrator that the issues raised by defendant are

arbitrable under the arbitration clause in the original contract and that the American Arbitration

Association has jurisdiction over the dispute.

Having determined that the arbitrator has the authority under the agreement between the

parties to resolve this factual dispute through arbitration, the Court must now determine its

proper course of action. Under Section 3 of the FAA,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action

---

[1] A copy of the present version of the rules is available at: https://www.adr.org/aaa/.

until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Therefore, under the FAA, a lawsuit must yield to arbitration where there is (1) a dispute between the parties; (2) a written agreement that includes an arbitration provision purporting to cover the dispute; (3) a relationship between the transaction and interstate commerce; and (4) a failure of the parties to arbitrate the dispute. *See American Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005). These requirements have been met, as evidenced by the arbitration clause discussed above, the previous arbitration that the parties engaged in which resulted in the contested award, and the pending arbitration which was instituted to resolve the present factual dispute.

Although the requirements of § 3 have been met, the Court must finally determine whether a stay is appropriate in this context. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). Reviewing the issues in this matter, the Court finds that not all of plaintiff's claims are subject to arbitration and that a stay is the proper remedy. Specifically, plaintiff has filed a motion to show cause, the merit of which can only be determined after the arbitrator's determination of the factual issue of whether royalties are owed under defendant's new business model. Once arbitration has resolved this factual dispute, it will then be proper for this Court to decide plaintiff's motion and determine whether defendant is in breach of the Court's previous order to enforce the arbitration award.

## CONCLUSION

For these reasons, defendants' motion to compel arbitration and stay these proceedings [DE 63] is GRANTED IN PART and DENIED IN PART, plaintiff's motion to enjoin arbitration [DE 69] is DENIED, and plaintiff's motion to show cause [DE 59] is DEFERRED. This action is hereby STAYED in favor of arbitration proceedings pursuant to 9 U.S.C. § 3. In light of the stay, the clerk is DIRECTED to remove this matter from the Court's active docket. The parties are ORDERED to notify the Court within fourteen (14) days of the conclusion of arbitration as to the result of arbitration and whether any claims or issues remain for this Court to resolve.

SO ORDERED, this **3O** day of March, 2017.

Terence W. Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE